IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| RODRIQUEZ ANTRON MCDANIEL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CV 111-100 |
| STANLEY WILLIAMS, Warden, | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the Court is Respondent's motion to dismiss the petition as untimely. (Doc. no. 10.) Petitioner filed a response in opposition to the motion, as well as a "Motion . . . to Dismiss Respondent's Motion to Dismiss . . . ." (Doc. nos. 11, 13.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to dismiss be **GRANTED**, that Petitioner's motion to dismiss Respondent's motion to dismiss be **DENIED**, that the instant § 2254 petition be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent.

I.  **BACKGROUND**

A Richmond County grand jury indicted Petitioner for several offenses in February of 2002, and on August 21, 2002, Petitioner pled guilty to felony murder and was sentenced

to a term of life imprisonment. (Doc. no. 14, Ex. 5, pp. 65-68.) Petitioner did not file a direct appeal following his conviction. However, on February 19, 2003, Petitioner filed a "Motion to Modify Sentence" in the Richmond County Superior Court. (Id., pp. 85-88.) Beginning in October of 2003, Petitioner filed a series of additional *pro se* post-trial motions in the Richmond County Superior Court, including a "Motion to Withdraw Plea" and "Motion in Arrest of Judgment."[1] (See id., pp. 89-144.)

On May 14, 2007, Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Tattnall County. (Id., Ex. 1.) Following a hearing, Petitioner's state habeas corpus petition was denied in its entirety on May 27, 2009. (Id., Ex. 2.) The Georgia Supreme Court dismissed Petitioner's application for a certificate of probable cause to appeal for lack of jurisdiction on October 19, 2009, finding that the application was untimely. (Id., Ex. 3.) Petitioner filed a motion for reconsideration of that determination, which the Georgia Supreme Court denied on November 23, 2009. (Id., Ex. 4.)

Petitioner executed the instant § 2254 petition on June 23, 2011.[2] (Doc. no. 1.) Petitioner enumerates eight grounds for relief, which include claims that he was arrested without probable cause, that the indictment was defective, and that his trial counsel provided ineffective assistance, as well as various allegations of error by the trial court. (See doc. no.

---

[1] Petitioner reports that these motions were denied by the trial court on October 5, 2009, following which he filed a notice of appeal regarding the denial of his *pro se* motions. (Doc. no. 13, p. 1.) The Georgia Supreme Court dismissed the appeal on June 28, 2010. (Id.; doc. no. 1, p. 3)

[2] Petitioner initially filed the instant petition in the United States District Court for the Middle District of Georgia, which transferred the petition to this District in light of the fact that it pertains to a Richmond County conviction. (Doc. no. 5.)

2

1, pp. 5-7.)

Respondent now argues that the petition should be dismissed as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 10.) Petitioner disagrees, arguing that his petition should not be held untimely because his appeal regarding the various *pro se* motions he filed in the trial court following his conviction was not dismissed until June of 2010. (See doc. no. 13.) The Court resolves the dispute as follows.

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

3

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Finality of Petitioner's Conviction

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, the instant case is governed by § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not initially file an appeal following his August 21, 2002 conviction, the conviction became "final" when the 30-day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). The finality of the conviction triggered the one-year statute of limitations for each conviction. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's convictions became final in September of 2002.

### B. Application of the Statute of Limitations

As noted above, under the AEDPA, Petitioner had one year from September of 2002 to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is

4

pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Here, Petitioner filed a "Motion to Modify Sentence" in the trial court on February 19, 2003. However, as Respondent points out (see doc. no. 10-1, p. 4 n.1), under Georgia law, when a defendant pleads guilty, motions requesting sentence modification or permission to withdraw the guilty plea must be filed within the same term of court during which the defendant was sentenced in order to be within the trial court's jurisdiction; following expiration of the term of sentencing, a defendant's only recourse is a petition for a writ of habeas corpus. Kuntz v. State, 623 S.E.2d 684, 685 (Ga. Ct. App. 2005); State v. Manders, 609 S.E.2d 658, 659 (Ga. Ct. App. 2005). The term during which Petitioner was sentenced expired in September of 2002 – well before he filed his "Motion to Modify" in February of 2003. See O.C.G.A. § 15-6-3(5)(C). Because the motion was untimely such that it was not within the trial court's jurisdiction, the motion was not "properly filed" for purposes tolling the statute of limitations applicable to Petitioner's federal habeas corpus petition. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, . . . the time limits upon its delivery [and] the court and office in which it must be lodged . . . ." (footnote omitted)).

Petitioner's remaining post-conviction motions, as well as his state habeas petition, were filed more than a year after his convictions became final. Therefore, by the time Petitioner filed those requests for relief, the one-year statue of limitations for filing a federal petition had expired, meaning that no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("Once a deadline has expired, there is

5

nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

The AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). As noted above, Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations. Thus, the Court concludes that there is no basis for statutory tolling of the AEDPA's one-year statute of limitations.

### C. Equitable Tolling and Claims of Actual Innocence

Similarly, Petitioner is not entitled to equitable tolling. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or

6

diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner has not provided any explanation for the tardiness of his federal petition, let alone an explanation that would satisfy the "extraordinary circumstances" threshold described above. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenses to which he pled guilty such that no reasonable juror would have convicted him. Accordingly, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, because (1) the above-captioned petition was filed more than one year after

Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations. Therefore, Respondent's motion to dismiss the instant § 2254 petition as untimely should be granted, and Petitioner's motion to "dismiss" Respondent's motion should be denied.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to dismiss be **GRANTED** (doc. no. 10), that Petitioner's motion to dismiss Respondent's motion to dismiss be **DENIED** (doc. no. 13), that the instant § 2254 petition be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 29th day of February, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE